J-S70035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DEATHRICE DWAYNE GRAY | : | |
| | : | |
| Appellant | : | No. 825 MDA 2017 |

Appeal from the Judgment of Sentence December 11, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001900-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 17, 2018**

Deathrice Dwayne Gray[1] appeals from the judgment of sentence imposed on December 11, 2015, in the Court of Common Pleas of Luzerne County.  Gray was found guilty by the trial court of possession of a controlled substance (heroin).[2]  The trial court sentenced Gray to six to 23 months' imprisonment.[3]  The sole issue raised by Gray is a challenge to the sufficiency of the evidence to sustain his conviction, based on his contention the Commonwealth failed to prove he constructively possessed the heroin.  For the following reasons, we affirm.

_____

[1] Appellant's name also appears in the record as "Deathtice" Dwayne Gray.

[2] 35 P.S. § 780-113(a)(16).

[3] On June 27, 2016, the trial court entered an order amending the sentence to six to 12 months' imprisonment.  **See** Order, 6/27/2016; **see also** Trial Court Opinion, 6/30/2017, at 1.

Previously, this Court discussed the background of this case, as follows:

Appellant, Deathrice Dwayne Gray, appeals *pro se* from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his bench trial conviction for possession of a controlled substance (heroin). For the following reasons, we remand the matter with instructions and relinquish jurisdiction.

The relevant facts and procedural history of this case are as follows. On February 12, 2014, police executed a search warrant at a residence in Hazleton, Pennsylvania. Police discovered money, drugs, and drug paraphernalia in the residence in close proximity to [Gray]. The Commonwealth charged [Gray] with possession of a controlled substance with the intent to deliver and simple possession. [Gray] initially retained private counsel to defend against the charges. Private counsel filed a motion to withdraw on November 24, 2014, claiming [Gray] had not honored their fee agreement and citing [Gray's] complaints that he could no longer afford private counsel. The court granted counsel's motion and directed [Gray] to apply for representation with the Public Defender's Office. [Gray] complied and obtained representation from the Public Defender. Several months later, however, the Public Defender sought to withdraw due to a conflict of interest. On April 7, 2015, the court appointed conflict counsel. Conflict counsel later withdrew his appearance, citing a breakdown in the attorney/client relationship. According to [Gray], conflict counsel failed to communicate with him; so, [Gray] borrowed money from family and friends to retain private counsel for trial.

[Gray] proceeded to a bench trial on October 23, 2015, and was convicted of simple possession on October 26, 2015. On December 11, 2015, the court sentenced [Gray] to 6-23 months' imprisonment. After sentencing, the court permitted counsel to withdraw. [Gray] timely filed a *pro se* notice of appeal on December 24, 2015. On January 20, 2016, the court ordered [Gray] to file a Pa.R.A.P. 1925(b) statement, which [Gray] timely filed *pro se* on January 27, 2016. [Gray] filed an untimely post-sentence motion to reduce his sentence on February 5, 2016, which the court denied on

February 11, 2016, for lack of jurisdiction due to the pending appeal.

On February 24, 2016, [Gray] filed a *pro se* motion in the trial court requesting appointment of counsel for his appeal, claiming he could not afford counsel. The court did not rule on the motion. On April 21, 2016, [Gray] filed an application for appointment of counsel in this Court, which this Court denied without prejudice, directing [Gray] to seek relief in the trial court. [Gray] filed another motion in the trial court for appointment of counsel on May 18, 2016; the court did not rule on that motion either. In light of [Gray's] allegations of indigency and repeated requests for counsel, on September 19, 2016, this Court remanded the matter to determine indigency status and/or consider the appointment of counsel in the interests of justice. Upon remand, the trial court scheduled a hearing for October 5, 2016. On October 11, 2016, the trial court notified this Court that it was unable to assess [Gray's] indigency status because [Gray] failed to appear at the hearing. The record shows the court sent notice of the hearing to an address where [Gray] no longer resides.

**Commonwealth v. Gray**, 159 A.3d 996 (Pa. Super. December 6, 2016) (unpublished memorandum, at 1-3) (footnote omitted).

This Court declined to proceed with the *pro se* appeal and remanded for appointment of counsel, and the filing of post-sentence motions *nunc pro tunc*. **See id.** Following the denial of Gray's motion for modification of sentence, this appeal followed.

Gray contends the evidence is insufficient to sustain his conviction for possession of a controlled substance "because he did nothing other than be present at the residence where drugs were found[.]" Gray's Brief, at 5.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is well settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Irvin*, 134 A.3d 67, 75-76 (Pa. Super. 2016) (citation omitted).

The crime of possession of a controlled substance is defined in Section 780-113(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act (Act):

(a)    The following acts and the causing thereof within the Commonwealth are hereby prohibited: …

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113(a)(16).

- 4 -

Because police did not recover the drugs or drug paraphernalia from Gray's person, the Commonwealth must establish Gray's constructive possession of the contraband to support his convictions.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> *Commonwealth v. Brown*, 2012 PA Super 119, 48 A.3d 426, 430 (Pa. Super. 2012), *appeal denied,* 619 Pa. 697, 63 A.3d 1243 (2013) (internal quotation marks and citation omitted). Additionally, it is possible for two people to have joint constructive possession of an item of contraband. *Commonwealth v. Sanes*, 2008 PA Super 175, 955 A.2d 369, 373 (Pa. Super. 2008), *appeal denied,* 601 Pa. 696, 972 A.2d 521 (2009).

*Commonwealth v. Hopkins*, 67 A.3d 817, 820-21 (Pa. Super. 2013).

Furthermore,

> although "mere presence" at a crime scene cannot alone sustain a conviction for possession of contraband:
>
> > a jury need not ignore presence, proximity and association when presented in conjunction with other evidence of guilt. Indeed, presence at the scene where drugs are being processed and packaged is a material and probative factor which the jury may consider. Drug dealers of any size and [illegal drug] manufacturers probably are reticent about allowing the unknowing to take view of or assist in the operation.

*Commonwealth v. Vargas*, 108 A.3d 858, 869 (Pa. Super. 2014) (citation

omitted).

> Here, the trial court rejected Gray's sufficiency challenge, finding that:
>
> Prior to the commencement of trial, the parties stipulated to the lab report which indicated that the controlled substance was 1.1 grams of heroin. (N.T. 10/23/15 at 17). As part of their investigation of drug activity in the City of Hazleton, officers executed a search warrant on the residence located at 18-A Third Street. *Id.* at 36. As a result of the search, the heroin was located on an air mattress within "arms' reach" of [Gray]. *Id*. at 36-42.

Trial Court Opinion, 7/30/2017, at 3. Based on our review, we agree with the

trial court.

To the trial court's discussion, we add that the Commonwealth's

evidence showed a controlled buy was made inside the residence at 18-A Third

Street. N.T., 2/3/2016, at 35-36. After police secured a search warrant and

entered the residence, they found heroin and marijuana. *Id.* at 39, 41. "Mr.

Gray was on an air mattress, which is in the living room area. There was

clothing there, pants, and that's where the money and the drugs were found."

*Id.* at 42. The drugs were "within arms' length" of Gray. *Id.* No one else

was in the residence. *Id.* A digital scale was also recovered by police, and

documents with Gray's name on them. *Id.*

Gray argues the evidence was insufficient because the Commonwealth

provided no evidence that Gray was a legal owner of the residence by way of

lease agreement or deed. *See* Gray's Brief at 6. He maintains his presence

at the crime scene is not enough to convict him. Gray's argument, however,

ignores our standard of review, which requires that we view the evidence in the light most favorable to the Commonwealth as verdict winner. ***See Irvin, supra***.

Here, the heroin was within arm's reach of Gray, who was in the "small"[4] living room area on an air mattress. In addition, police recovered a digital scale. The "totality of the evidence" demonstrates Gray's constructive possession of the heroin. ***See Hopkins, supra.*** Further, the Commonwealth was under no obligation to prove that only Gray constructively possessed the drugs found in the house. As noted above, two people can constructively possess the same contraband. ***See id***. Accordingly, we conclude the evidence was sufficient to prove beyond a reasonable doubt that Gray was guilty of the crime of possession of a controlled substance (heroin).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/17/2018

---

[4] N.T., 2/3/2016, at 40.